ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 FEB -7 AM 11:30

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANNIE LEE SAMUELS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-015 |
| | ) | |
| GLEN JOHNSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dannie Lee Samuels, Jr., brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that the petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

I.  **BACKGROUND**

According to Petitioner, on August 20, 2009, he was convicted of one count of malice murder, one count of felony murder, one count of aggravated assault, one count of rape, one count of aggravated sodomy, one count of aggravated battery, and one count of "concealing the death of another" in the Superior Court of McDuffie County. (Doc. no. 1, p. 1.) Petitioner received a sentence of "life without parole." (Id.) Petitioner thereafter filed a motion for a new trial in the Superior Court, which was denied (id. at 2), and then appealed the denial to the Supreme Court of Georgia, which affirmed the Superior Court's ruling on October 18, 2010. Samuels v. State, 288 Ga. 48, 49 (2010). Petitioner next reports, without specifying a date, that he filed a state habeas petition in the Superior Court of Ware County; the Court notes, however, that the case number that Petitioner has provided, 10V-1103, indicates that it was filed in 2010. (Doc. no. 1, p. 3.) In that petition, Petitioner raised two grounds concerning sentencing, one ground of "mental evaluation," and one ground of "incompetent and ineffective assistance of counsel." (Id.) Notably, although Petitioner asserts that he fully exhausted his state remedies with respect to each of those claims "insofar as is possible," he also provides the case number for his application for a certificate of probable cause to appeal, and a search of the Supreme Court of Georgia's online docketing system reveals that his application remains pending before that court.[2] (Id. at 6, 8, 9, 11.) Moreover, Petitioner has written "n/a" in response to the inquiries concerning the result of his application and the date of the court's decision regarding that application. (Id.)

---

[2]The Supreme Court of Georgia "computerized docketing system" can be accessed at http://www.gasupreme.us/docket_search.

In his federal petition, Petitioner raises what appear to be the same four grounds for relief as he did in his state petition, which are as follows: (1) trial court error based on the imposition of a sentence "in violation of clearly established law;" (2) a sentencing violation related to Petitioner's Fourteenth Amendment rights; (3) ineffective assistance of counsel based on counsel's failure to request a mental competency hearing or mental health evaluation; and (4) ineffective assistance of appellate counsel based on counsel's failure to "attack any of the essential elements in the bench trial." (Id. at 5-11.)

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

3

Indeed, "the habeas statute requires applicants to exhaust all available state law remedies *before* filing a federal habeas petition."

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[3] Id. However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28

---

[3] In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

4

U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[4]

---

[4] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.[5]

In the case at bar, it is clear from the information that Petitioner has provided that his application for a certificate of probable cause to appeal the denial of his state habeas petition is still pending before the Supreme Court of Georgia. (Doc. no. 1, pp. 6, 8, 9, 11.) Thus, Petitioner has not demonstrated the requisite exhaustion of his available state remedies. See 28 U.S.C. § 2254(b), (c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (citing 28 U.S.C. § 2254(b)) (emphasis added); see also Wright v. Oubre, 768 F.Supp.2d 1277, 1283 (N.D. Ga. Mar. 7, 2011) (noting that petitioner's state habeas remedies were unexhausted where his application for a certificate of probable cause remained pending before the Supreme Court of Georgia). Because Petitioner has failed to show that he exhausted his available state remedies, the instant federal habeas corpus petition should be

---

[5]When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). Petitioner has not presented any exhausted claims in the present petition and, therefore, the stay and abeyance procedure is inapplicable.

**DISMISSED** without prejudice.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE